FRANK COSTELLO, a/k/a FRANK CASTELLI, Plaintiff-Appellant, v. DOMINIC CASTELLI et al., Defendants-Appellees—(JOHN CASTELLI et al., Plaintiffs-Appellees.)

(No. 72-204; 

Third District—May 21, 1973.

*Rehearing denied July 11, 1973.*

Louis Walter, Jr., of Ohio, Illinois, for appellant.

John Olivero, of Peru, for appellees.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is an appeal by Frank Costello, plaintiff-appellant, from an adverse judgment by the Circuit Court of Bureau County in a suit filed in equity for an accounting. The appellant and two of his brothers, John and Anthony Castelli, brought the action against their two other brothers, Dominic and Peter Castelli, defendants-appellees.

The five brothers owned real estate in Bureau County as tenants in common which was devised to them by the will of their father, Edward Castelli, who died in October, 1944. The property consisted of 174 acres of farm land, 4 dwelling houses and 5 vacant lots. Under the terms of the will the property was to be divided between the five sons in equal shares, subject to certain conditions which would be a charge on the real estate. These conditions provided that the decedent's wife, Letizia, the mother of the parties to this suit, was to be cared for and supported by her five sons and in addition was to be paid by the sons a sum of $200 per annum during her life. Also, the five sons were to pay a specific sum to each of the decedent's three daughters.

Following the death of the father only the defendants, Dominic and Peter, remained at home with their mother on the farm premises. They farmed the land, rented the other property owned by the brothers, col-

lected the rents and profits and cared for their mother. The conditions of the will of Edward Castelli were performed, the recipients having received the sum provided by the will. Upon the death of Letizia, the mother, on October 3, 1967, the plaintiffs demanded an accounting from the defendants claiming they were entitled to a share of all profits from the death of their father in 1944 until, the day this suit was filed, February 3, 1969.

In addition to affirmative defenses of *laches* and estoppel the defendants filed a counter-complaint for an accounting in the event plaintiffs were granted relief, in which they alleged appellant, Frank Castello, received money and farm equipment from the defendants coming out of the rents and profits and that this was used to assist Frank in starting his own farm operation. Also, defendants alleged certain improvements were made on the farm premises, the cost of which all the brothers should share.

Although the finding of the trial court is somewhat vague, the court's order is that an accounting be made to determine the rents and profits due appellant accruing since October 3, 1967, the date of the mother's death. This order was based on the finding of the terms of an agreement between Frank Costello, Dominic Castelli and their mother. It is undisputed that an agreement was made, rather it is the terms of it which are in dispute.

It is alleged by the appellant that the agreement was that Dominic, being the executor of his father's estate, should keep books and records of all transactions in the family business and upon the death of the mother, there would be an accounting and all profits and proceeds from the property would be divided between the five brothers. The defendants' allegation is that they agreed that Peter and Dominic would operate the farm, pay expenses and care for their mother with any excess profits to be kept by them as payment for their time and labor. The property would be divided into five shares at the death of the mother, and therefore, no accounting of profits was required prior to the mother's death.

■■ After giving our consideration to the conflicting evidence on the question of whether the agreement was that the appellant forego his right to profits prior to the mother's death, we are of the opinion that there was sufficient evidence to support the finding of the trial court. The testimony of defendant, Dominic Castelli, was that Frank agreed everything made after paying all expenses would be kept by Dominic and Peter for their trouble and labor while the mother was living. A sister of the parties, Virginia Castelli, who testified for the defendants, stated she was present when the agreement was made and the agreement

was as alleged by the defendants. In view of the fact that the appellant testified Dominic agreed to keep records and books, it is important to note that the failure of the appellant to ascertain whether books and records were in fact being kept by Dominic during the period between the death of the father and of the mother, indicates an agreement that appellant was not to receive profits for this period.

■■■ The cases cited by the parties concerning the statute of limitations and the defense of *laches* are not controlling since the trial court disposed of the issue of rents and profits prior to the mother's death by the finding on the terms of the agreement. The question on appeal concerns whether the evidence supports this finding. The appellant cites cases in support of the general rule that when one of two tenants in common receives rent, the tenant not in possession is entitled to an accounting. (*Regan v. Regan,* 192 Ill. 589, 61 N.E. 842 and *Wooley v. Schrader,* 116 Ill. 29, 4 N.E. 658.) Although we do not dispute the existence of this rule, it is not controlling in the present case since an agreement settling this question was found to have been made by the parties.

For the foregoing reasons, we are of the opinion that the judgment of the trial court should be affirmed.

Judgment affirmed.

ALLOY, P. J., and SCOTT, J., concur.